IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                              CRIMINAL NO. 1:05CR52
                                    (Judge Keeley)

**KENNETH D. SINGLETON,**

    **Defendant.**

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED

On June 20, 2005, defendant, Kenneth D. Singleton, appeared before United States Magistrate Judge John S. Kaull and moved this Court for permission to enter a plea of GUILTY to the one count Information. The defendant stated that he understood that the magistrate judge is not a United States District Judge, and consented to pleading before the magistrate judge. This Court had referred the guilty plea to the magistrate judge for the purposes of administering the allocution pursuant to Federal Rule of Criminal Procedure 11, making a finding as to whether the plea was knowingly and voluntarily entered, and recommending to this Court whether the plea should be accepted.

The magistrate judge accepted the defendant's waiver of indictment pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure. Since the offense charged in the Information naming the

USA v. KENNETH D. SINGLETON                               1:05CR52

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
## RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED

defendant is punishable by a term of imprisonment of greater than one year, the magistrate judge questioned the defendant to determine if his waiver of prosecution by indictment was freely given in a sober and knowledgeable fashion.

The magistrate judge then advised the defendant of the nature of the charges made in the Information, and inquired whether the defendant had read and reviewed the Information with counsel. Defendant waived the reading of the Information.

Next, the magistrate judge summarized the defendant's rights to proceed by a Grand Jury indictment and explained that he has a constitutional right to proceed by an indictment, and that the United States is able to charge him by Information only by waiving this right. The magistrate judge explained the Grand Jury process to the defendant: that to charge him with an offense a Grand Jury must find probable cause that he committed the offense; that the Grand Jury is composed of at least 16 and not more than 23 persons; and that at least 12 of the grand jurors must find that probable cause exists to so charge him.

The defendant stated that he understood that he had a right to proceed by indictment by a Grand Jury, and that by waiving this

2

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

right, the United States could proceed to charge him with the Information just as though he had been indicted.

The defendant then signed a Waiver of Indictment in open court, and the magistrate judge ordered that the Waiver be filed.

Based upon the defendant's statements during the plea hearing and the testimony of Special Agent Ryan Korner,[1] the magistrate judge found that the defendant was competent to enter a plea, that the plea was freely and voluntarily given, that the defendant was aware of the nature of the charges against him and the consequences of the charges against him and the consequences of his plea, and that a factual basis existed for the tendered plea. On July 6, 2005, the magistrate judge entered an amended order finding a factual basis for the plea and recommended that this Court accept the plea of guilty to the one count Information.

---

[1] On July 28, 2005, the defendant filed a "Request for Clarification," which seeks to clarify a statement in the Magistrate's Amended Report and Recommendation. This statement, contained in the Magistrate's summary of Special Investigator Korner's testimony, indicates that the defendant reported only credit card sales for income tax purposes, but did not report the cash sales. The defendant, however, asserts that his company "did not and does not process credit card sales," and that he did report some cash sales as income. The defendant does not suggest that the disputed statement has any bearing on his guilty plea, and, insofar as this issue may affect his sentence, he can address it during the Probation Officer's presentence investigation and at the sentencing hearing.

USA v. KENNETH D. SINGLETON                                        1:05CR52

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

Accordingly, the Court **ACCEPTS** the plea of GUILTY to the one count Information.

The Court **ADJUDGES** the defendant GUILTY of the crime charged in the one count Information. Pursuant to Fed. R. Crim. P. 11(e)(2) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement and stipulated addendum to the plea agreement, is **DEFERRED** until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to U.S.S.G. § 6A1 et seq., it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of **KENNETH D. SINGLETON** and prepare a presentence report for the Court;

2. **The Government and the defendant are to provide their versions of the offense to the probation officer by August 18, 2005;**

3. The presentence report be disclosed to the defendant, defense counsel, and the United States on or before **September 19, 2005;** however, the Probation Officer is directed not to disclose the sentencing recommendations made pursuant to Fed. R. Crim. P. 32(b)(6)(A).

4

USA v. KENNETH D. SINGLETON                               1:05CR52

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
RECOMMENDATION THAT DEFENDANT'S GUILTY PLEA BE ACCEPTED**

4. Counsel shall file **WRITTEN OBJECTIONS** to the presentence report and may file a **SENTENCING MEMORANDUM** that evaluates sentencing factors the parties believe to be relevant under 18 U.S.C. § 3553(a) (including the sentencing range under the advisory Guidelines) and explains any proposed sentence, on or before **October 3, 2005;**

5. The Office of Probation shall submit to the Court the presentence report with addendum on or before **October 17, 2005;** and

6. Sentencing is set for **October 25, 2005** at **12:15 p.m.**

7. The Court placed the defendant on an unsecured personal recognizance bond in order to ensure his appearance before this Court at such times and places as the Court may direct with the standard conditions of bond.

The Clerk is directed to transmit certified copies of this Order to counsel of record and the defendant.

DATED: August _____3_____, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

5